UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARY L LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00382-SEB-TAB |
| | ) | |
| CAROLYN W. COLVIN Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel on December 9, 2016, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that Plaintiff's brief in support of appeal [Filing No. 18] be denied and that the Commissioner's decision be affirmed.

By way of background, Plaintiff Mary Lloyd filed an application for disability and disability insurance benefits alleging disability beginning September 29, 2012, due to bladder incontinence, sleep apnea, hearing loss, liver, kidney, and stomach problems, knee problems, eye problems, back problems, and depression. Plaintiff's application was denied initially and upon reconsideration. Plaintiff appeared by counsel at a hearing before an ALJ at which she testified, as did medical experts and a vocational expert. On September 26, 2014, the ALJ denied Plaintiff's claim. The Appeals Council upheld this decision, and this appeal followed.

Plaintiff raises three issues in this appeal: First, Plaintiff argues the ALJ failed to recontact consultation examiner Dr. Sawsan Rashdan for clarification of his opinion that Plaintiff is capable of performing less than a full eight-hour workday. Second, Plaintiff contends the ALJ

failed to fully develop the record and relied on incomplete evidence due to the claimant's inability to afford medical treatment.  Third, Plaintiff asserts the ALJ failed to properly account for the impact Plaintiff's obesity had on the rest of her functioning.

In considering these issues, the standard I must apply is whether the ALJ's decision is supported by substantial evidence.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a decision.  The ALJ must build an accurate and logical result from the facts to the conclusions reached.  The facts of this case are not significantly disputed.  They are set forth in the ALJ's decision in the record at pages 20, 23-25, and in Plaintiff's brief.  [Filing No. 18, at ECF pp. 5-9.]

These facts reveal Plaintiff, who was 57 years old at her onset date, alleged problems with bladder incontinence, sleep apnea, hearing loss, liver, kidney, and stomach problems, knee problems, eye problems, back problems, and depression.  Plaintiff attended multiple consultative exams which demonstrated, for example, she had reduced range of motion in her knees and hips bilaterally.  She had back and abdominal pain, Hepatitis C, rheumatoid arthritis, vision difficulty, and felt depressed and worthless.  Plaintiff reported ongoing bladder problems and has to wear Depends on a regular basis.  [R. at 319.]  In addition, Plaintiff reported having problems with memory, forgetting appointments, and claimed she couldn't sleep due to abdominal pain.  A psychiatric review concluded Plaintiff has no severe psychiatric impairment and only mild difficulties in maintaining social functioning.  [R. at 92, 104.]  Plaintiff testified she has severe cramping pain in her stomach on a daily basis as well as in her legs and feet.  [R. at 47.]  Plaintiff testified she is able to perform household chores but does them for five to ten minutes before sitting down to take a break due to feeling weak, pain, or cramping.  [R. at 54.]

The ALJ found Plaintiff had not engaged in substantial gainful activity since her

amended alleged disability onset date, and that she had severe impairments which did not meet or equal a listing.  [R. at 18-21.]  The ALJ found that Plaintiff's allegations concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.  The ALJ found Plaintiff had the residual functional capacity to perform a full range of all work at all exertional levels, except that she could operate foot controls only on a "frequent" basis, and she needed close proximity to a restroom so that she could take two, five-minute restroom breaks in addition to normal breaks and lunch.  The full RFC is set forth in the record at pages 21-22.  Given this RFC, the ALJ found Plaintiff was able to perform her past relevant work as an account clerk, and therefore, found Plaintiff was not disabled.  [R. at 26.]  To be entitled to benefits, Plaintiff must establish disability during the six-month relevant period between Plaintiff's alleged disability onset date of September 29, 2012, and the date her insured status expired on March 31, 2013.

In my view, the ALJ's decision is supported by substantial evidence.  The decision is supported by the opinions of Don A. Olive, Ph.D., and Dr. John A. Pella, medical experts who reviewed all the evidence and testified at Plaintiff's administrative hearing.  The ALJ gave great weight to these opinions noting the doctors "are specialists with extensive Social Security Disability program knowledge and have experience as independent, objective, neutral, and impartial medical experts evaluating Social Security Disability cases, and they have reviewed the entire medical record, including the most up-to-date medical exhibits."  [R. at 26.]  Plaintiff acknowledged at oral argument that she does not take issue with these experts' opinions, but instead Plaintiff argues in the first issue on appeal that the ALJ should have recontacted Dr. Rashdan who performed a consultative examination of Plaintiff in March of 2014 at the ALJ's request.  [R. at 25, 327-35.]   The functional limitations included in Dr. Rashdan's report

are generally unremarkable, limiting Plaintiff essentially to the full range of medium work. [R. at 327-32.]

Dr. Rashdan opined that Plaintiff could sit for a total of five hours, stand for two hours, and walk for half an hour during an eight-hour workday. However, he also indicated Plaintiff needed to lay down for a half hour during the day. [R. at 328.] Plaintiff argues that the ALJ had a duty to recontact Dr. Rashdan for clarification of his opinion. I disagree. An ALJ is not required to adopt a doctor's statement that is based entirely on a claimant's allegations. *Farrell v. Sullivan*, 878 F.2d 985, 989 (7th Cir. 1989). Moreover, the few limitations found by Dr. Rashdan did not correlate with the narrative examination report the doctor completed, which contained mostly normal findings. [R. at 25, 333-35.] The ALJ explained he had ordered the examination because there was "so little medical evidence of record," but he also observed that the examination took place one year after Plaintiff's insured status had expired. [R. at 25.] Contrary to Plaintiff's suggestion, the ALJ did not reject Dr. Rashdan's opinion simply because he did not understand the basis of the opinion. Rather, he rejected it because it was contrary to the record evidence, including Dr. Rashdan's own examination notes. Under these circumstances, an ALJ is not required to recontact a physician with whom he disagrees. *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004).

For the second issue on appeal, Plaintiff argues the ALJ was required to further develop the record, due to Plaintiff's alleged inability to afford medical treatment. The record demonstrates, however, that the ALJ specifically asked Plaintiff whether she had insurance, and she testified she had Wishard Advantage for the past two or three years which would be throughout the relevant period. [R. at 56.] Plaintiff points to a note in the file which states, "She has to go to a clinic that is not affordable since she does not have insurance." [R. at 314.] This

4

is a note in a consultant's medical record which I find to be inconclusive at best and certainly contrary to Plaintiff's testimony at the hearing that she had medical insurance which she related directly in response to two questions from the ALJ.  In addition, when the ALJ inquired about Plaintiff's lack of treatment, despite being insured, Plaintiff testified, "I was thinking that I could probably take care of my body myself."  [R. at 59.]  Furthermore, Plaintiff has pointed to no evidence that she believes the ALJ should have obtained.  Under these circumstances, I find the ALJ was not required to further develop the record.

The third argument Plaintiff raises on appeal is that the ALJ failed to account for her obesity in evaluating her limitations.  Again, however, Plaintiff points to no limitations beyond those found by the ALJ.  Moreover, the ALJ included obesity among Plaintiff's severe impairments.  [R at 18.]

In addition, the ALJ specifically referenced Plaintiff's obesity elsewhere in his opinion and stated that although obesity is no longer listed as an impairment, "the claimant's obesity was considered in relation to the musculoskeletal, respiratory, and cardiovascular body system listings as required by the ruling."  [R. at 21.]  Admittedly the ALJ's analysis of Plaintiff's obesity is disappointingly abbreviated.  However, given this record, the ALJ's analysis is adequate, particularly since the ALJ based his RFC finding in part on the opinion of a state agency reviewing doctor who took the claimant's obesity into account.  [R. at 43.]

For all of these reasons, the Magistrate Judge recommends that Plaintiff's brief in support of appeal [Filing No. 18] be denied and that the Commissioner's decision be affirmed.

Date:  1/10/2017

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.